[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12594
Non-Argument Calendar

_____

D. C. Docket No. 05-00478-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DASHON COVERTA STARKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 24, 2007)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Dashon Coverta Starks appeals his 360-month sentence imposed after he

was found guilty by a jury of conspiring to possess, possessing and manufacturing five grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii) and 851, and 18 U.S.C. § 2. After review, we affirm.

## I. BACKGROUND FACTS

A jury found Starks guilty on three counts of drug-related offenses. The jury also found that Starks's offenses involved 14.7 grams of cocaine base.

At sentencing, the district court also attributed 14.7 grams of cocaine base to Starks and used that drug quantity to calculate Starks's offense level under the Sentencing Guidelines pursuant to U.S.S.G. § 2D1.1(c)(7).[1] The district court also applied the guidelines career offender provision, pursuant to U.S.S.G. § 4B1.1, because Starks had two prior felony convictions for controlled substance offenses. With a total offense level of 37 and a criminal history category of VI, Starks's advisory guidelines range was 360 months to life imprisonment. After resolving several objections by Starks that are not relevant to this appeal, the district court sentenced Starks to concurrent 360-month sentences on each count. This appeal followed.

---

[1]The presentence investigation report ("PSI") attributed 37.5 grams of cocaine base to Starks. The district court sustained Starks's objection to the PSI's drug quantity and found Starks responsible for 14.7 grams of cocaine base, consistent with the jury. However, the drug quantity attributed to Stark did not affect his guidelines calculations because, as a career offender convicted of an offense with a statutory maximum of life, Starks's offense level was set at 37, pursuant to U.S.S.G. § 4B1.1(b)(A).

## II. DISCUSSION

Citing <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), Starks argues that his 360-month sentence is unreasonable because the Sentencing Guidelines used to calculate his advisory guidelines range are "presumptively unreasonable." Starks, who is African American, bases his argument on what he calls "concessions" made by the Sentencing Commission in a 2004 report entitled Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform. In the 2004 report, the Sentencing Commission examined, <u>inter alia</u>, disparities in sentences among minority groups. Starks asserts that the Sentencing Commission identified several guidelines provisions that had a disproportionate impact on African American offenders, including the career offender provision of U.S.S.G. § 4B1.1 and the 100-to-1 crack to powder cocaine ratio in U.S.S.G. § 2D1.1. Starks contends that the Sentencing Commission concluded that the harsher penalties associated with the career offender and cocaine ratio guidelines provisions were unjustified. The government does not dispute that these conclusions are contained in the Sentencing Commission's 2004 report, but contends that the report does not make Starks's sentence unreasonable.

Because Starks raises these arguments for the first time on appeal, we review

3

only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." Id. "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)).

Here, Starks fails to show error, let alone plain error. After Booker, the district court first must correctly calculate a defendant's advisory imprisonment range under the Sentencing Guidelines before determining an appropriate sentence. United States v. Williams, 456 F.3d 1353, 1360 (11th Cir. 2006). In so doing, the district court is not free to disregard provisions of the Sentencing Guidelines because they have been the subject of criticism. Furthermore, once the advisory guidelines range has been properly calculated, the district court may not vary from that range based on a broad, categorical rejection of congressional sentencing policy reflected in the Sentencing Guidelines. See id. at 1364-68 (reversing district court's variance from advisory guidelines based on criticisms of 100-to-1 crack-to-cocaine ratio). Rather, the district court's variance from the advisory guidelines

4

range must "reflect[ ] the individualized, case-specific factors in [18 U.S.C.] §

3553(a)." Id. at 1369.[2] Thus, Starks cannot show that his sentence is unreasonable

based solely on the generalized disparity concerns raised in the Sentencing

Commission's 2004 report.

**AFFIRMED.**

---

[2]On appeal, Starks does not argue that his sentence is unreasonable based on individualized, case-specific factors in § 3553(a). Rather, Starks makes a sweeping challenge to these two provisions of the Sentencing Guidelines as "presumptively unreasonable" based on the policy concerns raised in the Sentencing Commissions 2004 report.